# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DR. ANEESH GARG, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:21-cv-00661 |
| | ) JUDGE CAMPBELL |
| THE HUGHSTON CLINIC ORTHOPAEDICS, et al., | ) MAGISTRATE JUDGE HOLMES |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Compel mediation and arbitration and to stay Court proceedings. (Doc. No. 10). Plaintiff filed a Response (Doc. No. 16), and Defendants replied (Doc. No. 17). For the reasons stated herein, the Motion is **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

Plaintiff, Dr. Aneesh Garg ("Dr. Garg") was employed by Premier Orthopaedics & Sports Medicine, PLC doing business as The Hughston Clinic (collectively "Defendants") from August of 2020 to April of 2021. (Doc. No. 1 ¶¶ 5-6, 34). Dr. Garg signed a Physician Employment Agreement with Defendants upon beginning his term of employment. (*Id.* ¶ 10). Among other terms, the Physician Employment Agreement ("the Agreement") includes a non-competition provision, an arbitration provision, and specific requirements for the parties regarding termination with and without cause. (*Id.* ¶¶ 11-14, 45).

Dr. Garg filed suit on August 25, 2021, bringing claims of retaliation, discrimination, breach of contract. He additionally seeks equitable relief and injunctive relief regarding the non-

competition provision and the arbitration provision, and equitable relief and injunctive relief to prohibit any further discriminatory conduct by Defendants. Pursuant to the Order of the Magistrate Judge, the parties proceeded to mediation on August 31, 2022. Mediation was unsuccessful. (Doc. No. 24). Defendants move to compel to all of Dr. Garg's claims to arbitration and stay the case pursuant to the Agreement.

## II. LAW AND ANALYSIS

The question of whether a plaintiff's claim must be arbitrated is governed by the Federal Arbitration Act ("FAA"). 9 U.S.C. §§ 1 et seq. The FAA "expresses a strong public policy favoring arbitration of a wide range of disputes" and provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 376 (6th Cir. 2005) (quoting *Cooper v. MRM Invest. Co.*, 367 F.3d 493, 498 (6th Cir. 2004) and 9 U.S.C. § 2).

Before compelling an unwilling party to arbitrate, the court must determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the substantive scope of that agreement. *See NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 812 (6th Cir. 2008). "As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). "However, this presumption 'is not so broad that it compels the arbitration of issues not within the scope of the parties' arbitration agreement.'" *Matalka v. Home Point Fin. Corp.*, 753 F. App'x 372, 378 (6th Cir. 2018) (quoting *Watson Wyatt & Co. v. SBC Holdings, Inc.*, 513 F.3d 646, 649 (6th Cir. 2008)). "A longstanding principle of this Circuit is that no matter how

2

Case 3:21-cv-00661   Document 25   Filed 09/20/22   Page 2 of 7 PageID #: 182

strong federal policy favors arbitration, 'arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration.'" *Id*. (quoting *Simon v. Pfizer Inc.*, 398 F.3d 765 (6th Cir. 2005)). "To find that the parties intended to resolve [a particular] dispute in arbitration, [the court] must confirm that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of the agreement." *Solo v. United Parcel Serv. Co.*, 947 F.3d 968, 972 (6th Cir. 2020) (citation and internal quotations omitted).

### A. Enforceability of the Arbitration Provision

"Because arbitration agreements are fundamentally contracts, we review the enforceability of an arbitration agreement according to the applicable state law of contract formation." *Id*. at 972 (quoting *Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 416 (6th Cir. 2011). In this case, that is Tennessee law. (*See* Physician Employment Agreement, Doc. No. 16-1, Sec. 27, selecting Tennessee law as governing law).

Dr. Garg contends, briefly, in his response to the motion that the fee shifting provision in the Agreement is unenforceable and therefore arbitration would be contrary to public policy. He does not address the effect of the severability provision in the Agreement and instead argues in conclusory fashion that the entire Agreement must be struck down. The Court is not persuaded by these arguments that arbitration is unenforceable on this ground. Regardless, the Tennessee Supreme Court has advised that contracts be given full force and weight where possible, and "when the provisions of a contract are legally severable, [courts] must give effect to portions of the contract that may be enforced and invalidate only those portions of the contract that are unenforceable." *Baugh v. Novak*, 340 S.W.3d 372, 384 (Tenn. 2011). Accordingly, even if the fee-shifting provision is unenforceable, that provision may be severed from the Agreement.

3

### B. Scope of the Arbitration Provision

The Court next turns to the scope of the Arbitration Provision. "An arbitration clause should be interpreted consistent with the terms of the agreement and should be enforced in the same manner as any other privately negotiated contract." *U.S. ex rel. Paige v. BAE Sys. Tech. Sols. & Servs., Inc.*, 566 F. App'x 500, 503 (6th Cir. 2014) (quoting *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 383 F. App'x 517, 520 (6th Cir. 2010)). In determining the scope of an arbitration agreement, courts are guided by "the plain language of the agreement." *Id*. "When an arbitration clause by its terms extends only to a specific type of dispute, a court cannot require arbitration of claims that are not covered by the clause." *Id*. (citing *Simon*, 398 F.3d at 775).

The Agreement provides:

> Except for rights for injunctive relief, any disagreement or dispute regarding any party's performance under this Agreement (including whether a breach has occurred or any interpretation of a provision of this Agreement) shall be subject to the dispute resolution process set forth in Exhibit 37.

(Doc. No. 16-1 at PageID# 118). Exhibit 37 provides, in relevant part:

> All controversies, claims or disputes *relating to or arising out of this Agreement* that are not resolved by mediation shall be resolved by confidential, binding arbitration administered by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrators may be entered in any federal or state court.
>
> ***
>
> Nothing in this Agreement shall be interpreted to limit any party's right to pursue equitable relief, including, without limitation, specific performance, from a court of competent jurisdiction at any time.

(Doc. No. 16-1) (emphasis added).

The plain language of the Agreement provides that disputes are to be resolved by arbitration. Only claims which "relat[e] to or aris[e] out of" the Agreement are subject to arbitration. Notwithstanding a presumption in favor of arbitration, "the cornerstone of [the Court's]

4

inquiry rests upon whether we can resolve the instant case without reference to the agreement containing the arbitration clause." *NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 814 (6th Cir. 2008). "If it could, [the claim] is likely outside the scope of the arbitration agreement." *Id*. (internal citation omitted).

Dr. Garg's first two counts are claims of retaliation and discrimination. These claims rest in allegations of disparate treatment on the basis of Dr. Garg's race and do not rely upon or implicate the Agreement. Indeed, these claims could exist even in the absence of the Agreement. Defendants' argument that the claims are arbitrable because they arise from the parties' employment relationship is not supported by the language of the Agreement, which is narrower in scope. The parties agreed to arbitrate claims "relating to or arising out of the Agreement." While Dr. Garg's claims for retaliation and discrimination could arguably be found to arise out of the parties' *relationship*, that is not the language Defendants selected for their contract. According to the terms of the Agreement, these claims are beyond the scope of the arbitration provision. Therefore, the motion is **DENIED** as to Dr. Garg's retaliation and discrimination claims.

Dr. Garg's next two claims are for breach of contract. These claims rely expressly on the terms of the Agreement. (*See* Doc. No. 1 ¶¶ 56, 63, alleging the parties entered into a contract, specifically the Physician Employment Agreement; ¶¶ 58, 66, alleging Defendants breached the contract). These claims would not exist absent the Agreement, and the Court cannot resolve them without reference to the Agreement. Plaintiff's breach of contract claims are within the scope of the arbitration provision. Accordingly, the motion is **GRANTED** as to Dr. Garg's claims for breach of contract.

Finally, the Court turns to the claims for equitable relief. The Agreement contains an express carve-out permitting either party to pursue of equitable relief in court. Notwithstanding

the carve-out, Defendants argue that the dispute resolution paragraph limits non-arbitrable issues to only claims for injunctive relief. (*See* Doc. No. 17, citing Doc. No. 16-1 at PageID# 118). However, that provision (*see supra*) expressly refers to the dispute resolution process in Exhibit 37, which provides leave for any party to seek equitable relief, without limitation as to type. The Court finds no cause to stray from the terms of the parties' contract. Accordingly, Defendant's motion is **DENIED** as to Dr. Garg's claims for equitable relief.

### C. Stay Pending Arbitration

The Court has found some but not all of those claims are arbitrable. The Supreme Court has noted the discretionary nature of a court's decision to stay litigation pending the results of arbitration. *Moses H. Cone*, 460 U.S. at 21, n.23. "In deciding whether non-arbitrable claims should also be stayed, a district court should consider whether [the] arbitrable claims predominate or whether the outcome of the non[-]arbitrable claims will depend upon the arbitrator's decision." *Leafguard of Kentuckiana, Inc. v. Leafguard of Kentucky, LLC*, 138 F. Supp. 3d 846, 859 (E.D. Ky. 2015) (internal quotations and citations omitted).

Here, the claims may proceed independent of one another. It is not apparent at this stage that the outcome of arbitration on Dr. Garg's breach of contract claims will have any effect on the litigation of his discrimination and retaliation claims. Likewise, any determination this Court makes on the enforceability of the non-competition provision is unlikely to implicate the arbitrator's findings on whether Defendants breached the Agreement in terminating Dr. Garg. Because these claims may proceed independent of one another, Defendants' motion to stay pending arbitration is **DENIED**.

## III. CONCLUSION

For the reasons stated herein, Defendants' Motion (Doc. No. 10) is **GRANTED** in part and **DENIED** in part. Defendants' motion to compel arbitration is **GRANTED** as to Dr. Garg's breach of contract claims and **DENIED** as to the remaining claims and requests for relief. The motion to stay is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE